ADKINS, Justice.
We have for consideration a petition signed by twenty-five active members of The Florida Bar seeking to amend the Integration Rule by adding article XXII, creating the Emeritus Attorneys Pro Bono Participation Program. We have jurisdiction. Art. V, §§ 2 and 15, Fla. Const.
The purpose of the program is to assist the Supreme Court and The Florida Bar in fulfilling their responsibility to provide competent services to those who are financially unable to employ counsel. The concept began with the American Society of Retired Attorneys. The program would expand access to legal services by allowing experienced, retired attorneys who are not active members of The Florida Bar to provide pro bono legal services to qualified individuals. These services would be performed exclusively in conjunction with an approved legal aid organization and under the supervision of an active member of The Florida Bar.
We approve the concept of such a program, but disapprove the proposed rule. A number of questions have been raised which are not adequately addressed by the petitioners to the satisfaction of the Court.
The proposed rule requires the emeritus attorney to certify that he or she “submits to the jurisdiction of the Supreme Court for disciplinary purposes, as defined by article XI of the Integration Rule.” The rule should specify the disciplinary alternatives which may be imposed upon an emeritus attorney, i.e., contempt of court or disqualification from the program.
The Florida Bar has raised two more questions which should be considered: Is it appropriate for the emeritus attorney to earn and collect a fee for services even if that fee is paid to the legal aid association? Is there a real need for retired attorneys to perform the broad range of activities permitted under the proposed program? Could they not merely serve in a paralegal capacity instead?
The proposed rule also requires that the emeritus attorney must have been a member in good standing of The Florida Bar or any state, territory, or the District of Columbia Bar for a minimum of ten years. The rule should require that the emeritus attorney be recently engaged in the active practice for ten years.
The proposed rule fails to provide how competency of the emeritus attorney could be assured. In this connection, the emeritus attorney should probably be required to maintain malpractice insurance coverage.
The emeritus attorney program must be limited to legal aid organizations that serve only the truly indigent. The definition of the legal aid organizations eligible for participation in the emeritus attorney program should be more narrowly defined so as to include only those presently existing legal aid organizations which serve the truly indigent and which are approved by The Flori *305 da Bar or a local bar association where the organization is located.
The proposed rule should be clarified so that the presiding judge or hearing officer has the discretion to determine the extent of the emeritus attorney’s participation in the proceeding, and to require that the supervising attorney be personally present.
We recognize the need for pro bono services. On the other hand, we are constantly monitoring the legal profession in an effort to upgrade the services rendered the public at large. The participation of attorneys who are retired from the active practice of law in Florida would indeed assist in meeting the needs of those unable to fully pay for legal services. However, by including in the proposed program those attorneys who have retired from the active practice of law in states other than Florida, the real possibility exists that such persons may never have been subject to a thorough character and fitness investigation. Also, several jurisdictions still admit applicants on the basis of diplomas awarded from law schools within the state, while other states do not even require graduation from a law school approved by the American Bar Association. It is apparent that the lack of uniformity in the admission requirements of other jurisdictions may well permit participation in the proposed program of those who are unqualified.
The petition for adoption of the program is denied without prejudice to a subsequent application after the program is amended to consider the suggestions of The Florida Bar, The Florida Board of Bar Examiners, and the Committee on Unauthorized Practice of Law of The Florida Bar.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON and EHRLICH, JJ., concur.
McDONALD, J., dissents.